IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00139-MR-WCM

| | |
|---|---|
| MEGAN LEE STUDIO, LLC, ) ) Plaintiff, ) ) vs. ) ) TIEGUYS.COM, INC. d/b/a THREE ROOKER NECKTIE COMPANY, ALEXANDER JARMOLYCH, and SHAWNA JARMOLYCH, ) ) Defendants. ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Leave to Permit Early Limited Discovery (Local Rule 16.1(f)) and Motion for Extension of Time to Respond to Defendants' Motion to Dismiss First Amended Complaint." [Doc. 13].

**I.    PROCEDURAL BACKGROUND**

On July 1, 2022, the Plaintiff Megan Lee Studio, LLC initiated this action alleging, among other things, that the Defendant TieGuys.com, Inc. d/b/a Three Rooker Necktie Company ("TieGuys.com") and its owners Alexander Jarmolych and Shawna Jarmolych (the "Jarmolych Defendants") (collectively, "Defendants") committed acts of copyright infringement through

their online advertising for sale and selling neckties bearing Megan Lee Studio's artwork registered with the U.S. Copyright Office; that the Defendants' advertising for sale and selling of the ties bearing Megan Lee Studio's artwork was done without the knowledge, permission, consent or authorization of Megan Lee Studio; that the Defendants have falsely claimed to own or have the right to use Megan Lee Studio's artwork; and that the infringement was committed while the Jarmolych Defendants owned, directed, served as president of and/or otherwise had the right and ability to control the acts of the Defendant TieGuys.com. [Doc. 1].

On August 26, 2022, the Defendants filed a Motion to Dismiss and memorandum of law in support thereof, seeking dismissal of the Plaintiff's claims on the grounds that this Court lacks personal jurisdiction over Defendants; that venue is improper; and that the Plaintiff failed to state a claim for which relief can be granted. [Docs. 7, 8]. On September 6, 2022, the Plaintiff filed an Amended Complaint [Doc. 10], and on September 9, 2022, the Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 11] on the same grounds alleged in the Defendants' original Motion to Dismiss.

In their Motion to Dismiss, the Defendants deny having any operations or contacts with the State of North Carolina. In support of their Motion to

Dismiss, the Defendants have submitted the Affidavit of Alexander Jarmolych (the "Jarmolych Affidavit"). [Doc. 12-1]. Throughout this Affidavit, Jarmolych asserts that the Defendants' websites, www.tieguys.com and www.three-rooker.com, are "not specifically targeted to North Carolina"; that the Defendants did not sell infringing ties in North Carolina; and that the Jarmolych Defendants did not have knowledge of the infringement until the filing of this lawsuit. [Id.].

By the present motion, the Plaintiff seeks leave of Court to take limited early jurisdictional discovery and as well as an extension of time to respond to the Defendants' Motion to Dismiss until such discovery can be completed. [Doc. 13]. The Defendants oppose the Plaintiff's motion. [Doc. 16].

## II. DISCUSSION

Generally, court-enforceable discovery does not commence until issues have joined and a scheduling order has been entered. See LCvR 16.1(f). However, a party may seek early court-enforceable discovery for specific purposes, such as conducting limited discovery on issues pertaining to personal or subject matter jurisdiction. Id. The Court has "broad discretion" in permitting discovery on jurisdictional issues. See Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003).

Here, the Plaintiff asserts that the assertions set forth in the Jarmolych Affidavit regarding the Defendants' activities and contacts with North Carolina are conclusory and do not provide the Court with sufficient factual allegations to assess whether the Defendants have sufficient contacts with North Carolina to justify the exercise of personal jurisdiction. [Doc. 13 at 3].

In opposing the Plaintiff's motion, the Defendants question the timing and the motive of the Plaintiff's request for discovery.[1] [Doc. 16 at 5-10]. They further argue that the timeframe proposed by the Plaintiff for conducting such discovery is excessive. [Id. at 10-11].

Having reviewed the Plaintiff's request, the Court finds that a limited period of jurisdictional discovery is warranted. The Plaintiff shall have seven (7) days from the entry of this Order to serve written discovery on the Defendants. Such written discovery shall be limited to proposed Interrogatory Nos. 3-6, 8, 12, and 13 and Requests for Production Nos. 1-3,

---

[1] Additionally, the Defendants argue that, because the Plaintiff failed to respond to the motion to dismiss, its request for jurisdictional discovery is now moot. [Id. at 7; see also Doc. 15]. In making this argument, the Defendants make repeated reference to a Local Rule 7.3(f), in support of their contention that the failure to respond to a motion within the time required renders that motion uncontested. [See Doc. 15 at 2]. This Court's Local Rules, however, do not contain any such Local Rule. It appears that the Defendants are citing a Local Rule from the Middle District of North Carolina, which obviously is not applicable to this case. In any event, the Plaintiff filed its request for jurisdictional discovery, along with a request for an extension of time to respond to the Motion to Dismiss, in a timely fashion. The Defendants' mootness argument, therefore, is without merit.

5-8, and 11. The Defendants shall have thirty (30) days from service of such discovery requests to respond. Absent a showing of extraordinary cause, no further discovery, such as the taking of depositions or further written discovery, shall be permitted. The Plaintiff shall have fourteen (14) days from the service of the Defendants' responses to file its response to the Motion to Dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Leave to Permit Early Limited Discovery (Local Rule 16.1(f)) and Motion for Extension of Time to Respond to Defendants' Motion to Dismiss First Amended Complaint" [Doc. 13] is **GRANTED IN PART** as set forth in this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall have fourteen (14) days from the completion of the limited discovery period to file a response to the Defendant's "Motion to Dismiss Plaintiff's First Amended Complaint" [Doc. 11] and such motion shall be **HELD IN ABEYANCE** pending the completion of the limited discovery period and the filing of the Plaintiff's response.

**IT IS SO ORDERED.**

Signed: October 30, 2022

*/s/ Martin Reidinger*
Martin Reidinger
Chief United States District Judge